IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| KC WILLIAM BLUNT,<br><br>    Plaintiff,<br>  v.<br><br>LT. BAUER; OREGON DEPARTMENT OF CORRECTIONS; ERIN REYES, TRCI Superintendent; CPT. TROTT; SGT. KENNEDY; CO HALL; SGT. ROLAND; JOHN OR JANE DOE, #1 to #15; T. RAMSEY; and C. CORTZAR,<br><br>    Defendants. | Case No.: 3:25-cv-01226-AN<br><br><br>OPINION AND ORDER |

Plaintiff brings this civil rights action against defendants under 42 U.S.C. § 1983. There are five motions currently pending before the Court. On March 20, 2026, defendants moved for summary judgment. On April 20, plaintiff moved to compel discovery. On May 8, defendants moved to stay discovery pending resolution of the motion for summary judgment, as well as for an extension of time to respond to plaintiff's interrogatories. Finally, on May 18, plaintiff moved for an extension of the deadline to complete discovery. For the reasons discussed herein, defendants' motion to stay discovery is GRANTED. As a result, plaintiff's motion to compel discovery and the parties' motions for extension of time are all DENIED as moot. Defendants' motion for summary judgment remains pending.

A district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A "court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted). The decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Courts in the Ninth Circuit analyze three factors when deciding whether to issue a stay:

1

(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.

*Ernest Bock*, 76 F.4th at 842 (citation and quotation marks omitted). The movant bears the burden of demonstrating that the factors weigh in favor of a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Additionally, courts have "wide latitude in controlling discovery." *Ellis v. Brotherhood of Railway, Airline & Steamship Clerks, Freight Handlers, Express & Station Employees*, 685 F.2d 1065 (9th Cir. 1982), *rev'd in part on other grounds*, 466 U.S. 435 (1984). This latitude extends to a court's decision to stay discovery pending ruling on a dispositive motion. *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("[W]e see no . . . abuse of discretion in the order staying general discovery until the court could determine whether the case would be resolved at the summary judgment stage."). Whether such a stay is appropriate largely depends on whether the "plaintiff [will be] denied discovery which relates to the summary judgment motion" itself. *Id.*; *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (9th Cir. 1985) (citation and quotation marks omitted).

A stay of discovery pending resolution of defendants' motion for summary judgment is appropriate in this case. Defendants' motion for summary judgment is premised upon the argument that plaintiff failed to exhaust his administrative remedies before filing this action. Defs. Mot. for Stay, ECF 33, at 2. Generally, "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014), *overruled in part on other grounds by Pettru v. Richards*, 605 U.S. 460 (2025). To this end, "[i]f discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit." *Id.* Plaintiff does not dispute defendants' representation that plaintiff's grievance file has been provided to him and the Court. *See* Defs. Mot. for Stay 3; Pl. Resp, ECF 41. Nor does plaintiff argue that any additional discovery is necessary for this Court to rule upon defendants' motion for summary judgment, nor that he will suffer any damage or prejudice if discovery is stayed. *See* Pl. Resp. Finally, a stay will further the goal of efficiency for the Court and litigants by allowing

the Court to address the issue of exhaustion before reaching the merits of plaintiff's claims.  For all of these reasons, the Court grants defendants' motion for a stay of discovery pending resolution of defendants' motion for summary judgment.

Having stayed discovery in its entirety, the parties' remaining discovery motions—i.e., plaintiff's motion to compel and both parties' motions for extension of time relating to discovery matters—are denied as moot, with leave to renew in the event defendants' motion for summary judgment is denied and the stay is lifted.

## CONCLUSION

For the reasons stated herein, defendants' motion for stay of discovery, ECF 33, is GRANTED. Accordingly, plaintiff's motion to compel discovery, ECF 29, and the parties' motions for extension of time, ECF 34 and ECF 39, are DENIED as moot, with leave to renew as stated in this Opinion and Order. Defendants' motion for summary judgment, ECF 24, remains pending.

IT IS SO ORDERED.

DATED this 28th day of May, 2026.

Adrienne Nelson
United States District Judge

3